IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. H-10-513 |
| | § | |
| RONALD HOWARD GIBBS | § | |

ORDER OF DETENTION PENDING TRIAL

     In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts are established by a preponderance of the evidence or clear and convincing evidence and require the detention of the above-named defendant pending trial in this case.

Findings of Fact

[ ] A. Findings of Fact [18 U.S.C. § 3142(e), § 3142(f)(1)].

   [ ] (1)   The defendant has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

        [ ]   a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

        [ ]   an offense for which the maximum sentence is life imprisonment or death.

        [ ]   an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

        [ ]   a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

   [ ] (2)   The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.

   [ ] (3)   A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding 1.

   [ ] (4)   Findings Nos. 1, 2, and 3 establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. I further find that the defendant has not rebutted this presumption.

[ ]   B.   Findings of Fact [18 U.S.C. § 3142(e)]

  [] (1)   There is probable cause to believe that the defendant has committed an offense

  []   for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C.
  () § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

  [ ]   under 18 U.S.C. § 924(c).

  [] (2)   The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

[X]   C.   Findings of Fact [18 U.S.C. § 3142(f)(2)]

  [X] (1)  Defendant is accused of being a felon in possession of a firearm.

  [ ] (2)  There is a serious risk that the defendant will flee.

  [X] (3)  Defendant represents a danger to the community.

  [ ] (4)  There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror, or attempt to do so).

[X]   D.   Findings of Fact [18 U.S.C. § 3142(c)]

  [ ] (1)   As a condition of release of the defendant, bond was set as follows:

  [ ] (2)

  [] (3)  I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the appearance of the defendant as required.

  [X] (4)  I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the safety of any other person or the community.

Written Statement of Reasons for Detention

I find that the accusations in the indictment, information submitted in the Pretrial Services Agency report, and information at the detention hearing establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and by clear and convincing evidence that no conditions will assure the safety of the

community.

I conclude that the following factors specified in 18 U.S.C. § 3142(g) are present and are to be taken into account:

1. Defendant is a 41 year old born in Bryan, Texas. His mother is deceased but he has frequent contact with his father and 8 siblings who all live in Bryan. He is father to 8 children: 1 biological child with his current wife; 3 from a prior relationship (for whom he receives child support); 3 from his wife's prior relationship; and 1 young family member. He has no employment history and relies on his wife's salary as a nursing assistant. He has been known to use aliases, including Howard Hawkins.

2. Defendant was evaluated and found competent to stand trial. The competence report found he was a malinger, and concluded his primary diagnosis is Antisocial Personality Disorder. He has limited intellectual ability, limited reading ability, and a 5th grade education.

3. Defendant has a lengthy criminal history. Although numerous arrests have not resulted in convictions, he has a felony conviction for delivery of a controlled substance, and had his probation revoked on that conviction. He has misdemeanor convictions for evading arrest and theft. He currently has an outstanding warrant for his arrest from Williamson County, Texas on charges of engaging in organized criminal activity.

4. Defendant is currently charged with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922 and 924. He is facing a penalty of up to 10 years in prison.

5. Law enforcement officers testified that defendant arranged to sell guns to a confidential informant. Testimony also established that defendant had a bad reputation and was considered dangerous. Because of this, approximately 80 officers were on the scene when the search warrant was executed. Law enforcement officers further testified they had reason to believe defendant was a threat to cooperating witnesses and law enforcement officers.

6. There is no condition or combination of conditions of release which would assure the safety of the community. Detention is ordered.

## Directions Regarding Detention

It is therefore ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the

purpose of an appearance in connection with all court proceedings.

      Signed at Houston, Texas, on October 25, 2010.

                                            Stephen Wm Smith
                                      United States Magistrate Judge